Craig Morris #011628
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM

Attorney for Dianne Crandell Kerns, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 PROCEEDINGS |
| RICKY R BUCHANAN, | Case No. 4:19-bk-00206-BMW |
| DANE L BUCHANAN, | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED** |
| Debtors. | **RE: 1st AMENDED PLAN (DKT #41)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on January 21, 2020 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. Tax returns may be submitted to mail@dcktrustee.com. This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors received a tax refund larger than $1,000.00 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly Trustee requires that Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. <u>Tax Refunds</u>.  If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee.  The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. <u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order**: **NONE**.  This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. <u>Adequate Protection Payments</u>.  Trustee objects to confirmation because the requirements of Local Rule 2084-6 (http://www.azb.uscourts.gov/rule-2084-6) have not been met. Currently, Trustee is unable to disburse adequate protection payments to Freedom Road Financial in the amount of $65.00 as listed in the Chapter 13 Plan. Adequate protection payments may not commence until a proof of claim has been filed and written request to commence payments has been received from either Debtor or Creditor (http://www.dcktrustee.com/forms.html see AP commencement notice). This objection may be resolved by ensuring that a proof of claim has been entered on the claims registry and notice to commence adequate protection payments has been filed on the docket.

5. <u>Student Loans</u>. Trustee notes that there are student loans in this case. Trustee encourages counsel to have Debtor run a free Financial Aid Review at https://nslds.ed.gov/nslds/nslds_SA/ to ascertain the exact amount of all student loans, the servicers, and the status of payments.

6. <u>Unfiled Proofs of Claim</u>. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**. Trustee reserves the right to supplement or amend this paragraph.

7. Plan Payments. Debtors have made payments in the total amount of $13,347.08. Debtors are delinquent in the amount of $845.00, representing 1 month through January 8, 2020. Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to www.ndc.org. In general, the information on this website is 24-hours old.

8. Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income. Trustee objects to Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income because Debtor claims a deduction for voluntary 401(k) retirement account contributions. Deductions for voluntary contributions are not authorized deductions for purposes of calculating disposable income. *In re Parks* (9th Cir. BAP 2012). This objection may be resolved by amending Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income to remove the deduction for voluntary contributions to 401(k) retirement accounts.

9. 100% Plan due to Calculation of Projected Disposable Income. Trustee objects to confirmation of the plan because the plan is not a 100% plan. Debtor is an Above Median Income Debtor and the Form 122C-2 calculation for line 45 provides a monthly disposable income of $1,304.35. Projecting the disposable income over the applicable commitment period of 60 months indicates that $78,261.00 must be made available for payment to general unsecured creditors. The plan does not propose to pay 100% of general unsecured claims and Trustee objects pursuant to 11 U.S.C. §1325(b). To date, the total amount file by general unsecured creditors is $72,733.61 ($54,019.07 general unsecured claims and $18,714.54 student loans) and Debtor's plan currently funds $3,644.15. This objection may be resolved by paying 100% of all claims. **Trustee notes that Debtors amended the plan due to changed income. This is a Lanning circumstance. Debtors amended Schedule I to reflect current income and Trustee can use the gross income figure as a substitute for the initial CMI calculation. Debtors have not submitted 2 current pay advices each to the Trustee to review the calculations, nor have they amended Form 122C-2, which provides for the deductions from income for above median income debtors. A Lanning analysis can use the new gross income less the Form 122C-2 deductions to calculate disposable income. 11 U.S.C. §1325(b)(2), (3). Trustee requests that Debtors submit two current pay stubs each and file an amended 122C-2 to reflect current tax withholding, insurance deductions and take out the Line 34 cure amount on the vehicle, which is not actually being paid in the plan and the Line 41 expense for the voluntary 401(k) deductions.**

10. Documents Requested by Trustee. Any documents that have been requested will need to be provided within 30 days. Such documents should be sent to Trustee with a cover letter outlining and describing the documents. **Any documentation submitted must be legible, organized by category and month, totaled and averaged (i.e. "show your work"). If Debtors fail to follow this guideline, Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply. Debtor is also required to submit a written explanation justifying the reasonable NECESSITY of the excessive expenses.**

11. Authorization to Release. Trustee objects to confirmation because Debtor has not completed and submitted to Trustee the Authorization to Release information to Trustee regarding secured claims (local forum 2084-4B). This form can be found on Trustee's website: www.dcktrustee.com. This objection may be resolved by submitted the completed authorization to release information to Trustee.

12. Liquidation Analysis: At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

13. Projected Disposable Income: At this time Trustee believes that the plan **does not** satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

14. Plan Feasibility. Pursuant to Trustee's calculations, the Chapter 13 Plan is not feasible at this time because it does not comply with 11 U.S.C.§1325(b)(1)(B). According to Debtor's Form 122C-2, the disposable income of $1,304.35, multiplied by 60 months, results in a dividend to unsecured creditors of $78,261.00. Pursuant to Trustee's calculations, the dividend to unsecured creditors is $3,644.15. Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case. *See ¶9 above.*

15. Objections to Confirmation. Debtors shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection within 30 days of this objection/evaluation. If Debtors wish to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

16. <u>Submission of Proposed SOC</u>.  If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit.  The Notice, SOC, and filing receipt may then be transmitted to Trustee via electronic mail (mail@dcktrustee.com) or first class mail.  Trustee will not review a proposed SOC if it does not appear on the court's docket.[1]  Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

RESPECTFULLY SUBMITTED this 23rd day of January 2020.

                                      OFFICE OF THE CHAPTER 13 TRUSTEE
                                      31 North 6th Avenue #105-152
                                      Tucson, AZ  85701

                                      By /s/ _Craig Morris_ ASB# 011628
                                        Craig Morris
                                        Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the court and a copy was transmitted via electronic or first class mail this 1/23/2020 to:

RICKY R BUCHANAN
DANE L BUCHANAN
42050 W RAMONA ST
MARICOPA, AZ 85138
Debtors

JOHN D YOHE
OSWALT LAW GROUP PC
3933 S MCCLINTOCK DR
STE 500
TEMPE, AZ 85282
Email: jyohe@oswaltlawgroup.com

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

1  SANDRA C. OSWALT
2  OAWALT LAW GROUP PC
   300 W CLARENDON AVE
3  STE 290
   PHOENIX, AZ 85013
4  Email: sandra@oswaltlawgroup.com
   Attorney for Debtors
5
   By: <u>AVR</u>
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26